MARTIN CRANFILL V. STATE.

No. 24996. November 22, 1950.
Rehearing Denied January 10, 1951.

*Alvin R. Allison* and *Earl R. Allison*, Levelland, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged in one complaint and information with having made six sales of liquor in a dry county, and by the jury convicted in each of such instances and fined the sum of $250.00 in each case. Being dissatisfied, he appeals.

His first bill of exceptions relates to the introduction of the liquor as having been purchased in such sales because the witnesses did not show that such liquor was kept in their exclusive possession and control from the date of purchase up to the time of the trial. The court's qualification to this bill shows, as does the testimony, that these bottles were marked and labeled at the time of the purchase, that they bore such marks at the time of the trial, and were identified by the state's witnesses as the same bottles of whisky purchased by them from the appellant. This bill is overruled.

In Bill No. 2 it is alleged that the trial court conversed with several members of the jury after they had retired to consider of their verdict. This bill is allowed by the trial court as follows:

"* * * subject to the qualification that after both parties had rested their case and after the jury had retired to consider of their verdict, the jury made known to the sheriff their desire to communicate with the Court, the sheriff then informed the Court of the desire of the jury and he, the Court, instructed the sheriff to have the jury return to the Court room and after the jury returned to the Court room the Court asked the jury of what they desired to communicate. All of this procedure and the communications which the Court had with the jury was in the Court room and in the presence of the defendant and his attorney; at no time did the Court communicate with the jury out of the presence of the defendant or his attorney."

The statute (Art. 676, Vernon's C.C.P.) provides for such a contingency. We see no error shown.

In Bill No. 3 it seems that the jury was in disagreement as

to what a witness had said relative to whether or not the place of sale was in Hockley County. They communicated with the court and were brought into the court room and the following proceedings were had:

"One of the juryman stated that the jury disagreed as to a statement of the witness, H. E. Clingan, and that they would like to hear the statement of the witness relative to his testimony as to venue. The court then asked the jury if they desired to hear the testimony of the witness, H. E. Clingan, on that particular point. Each juryman stated that he did. The testimony of H. E. Clingan, as well as the testimony of the other witnesses having been recorded on a tape recording machine, H. E. Clingan, then being absent from the Court room and unable to be reached, the Court permitted the recorded testimony of H. E. Clingan to be played back to the jury on the particular point that the jury disagreed on. After the testimony of the witness, H. E. Clingan, had been played back to the jury on the particular point the Court asked the jury if that was all they desired to hear and each of the juryman stated that it was. During this procedure the defendant and his counsel *was* present, no objection was made to the procedure until the recorded testimony had been played to the jury and until the jury had again retired to consider of their verdict at which time the defendant objected to the procedure and moved that the Court dismiss the case which motion to dismiss was overruled and the defendant excepted."

The careful trial court seems to have followed the rule laid down in Art. 678, Vernon's C.C.P.

In the motion for a new trial there is an allegation relative to a claim of newly discovered evidence brought forward therein, it being claimed that appellant was working for one, John L. Nevill, in the months of September, October, and November, 1949, at a filling station owned by Nevill. We see no point in such affidavit, nor is its weight shown in any manner. Surely the same was not newly discovered. If the appellant had any recollection, he already knew at the time of the trial where he was previously working at such time; and regardless of where he was working, such would not have shown that he did not sell liquor to the state's witnesses, nor did the same, as shown in said motion, bear any relation to said sales, nor any of them.

The judgment is affirmed.

## ON MOTION FOR REHEARING.

WOODLEY, Judge.

We have again examined appellant's bills of exception in the light of his motion for rehearing and remain convinced that, as qualified by the trial court, no reversible error is shown.

All questions raised on this appeal having been discussed and properly disposed of on original submission, appellant's motion for rehearing is overruled.

Opinion approved by the court.